**Polsinelli Shughart PC**
Jason Nagi
805 Third Avenue
Suite 2020
New York, New York 10022

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESTCON GROUP NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSTEC, LLC, STEVEN MITNICK, solely in his capacity as assignee of Transtec, LLC's estate, and DCI ASSOCIATES, INC., <br><br> Defendants. | Civil Action No. _____ <br><br><br> **Jury Demanded** |

### Complaint

Plaintiff, Westcon Group North America, Inc. ("**Westcon**" or "**Plaintiff**"), by and through its undersigned counsel, for its cause of action against Defendants TransTec, LLC ("**Transtec**"), Steven Mitnick ("**Mitnick**"), solely in his capacity as assignee of Transtec's estate, and DCI Associates, Inc. ("**DCI**," together with Transtec and Mitnick, the "**Defendants**" and each a "**Defendant**"), states as follows:

1. Plaintiff is a multinational corporation, incorporated in New York, and is a specialty distributor of advanced network technology with its principal place of business in Tarrytown, New York.

2. Defendant Transtec is a New Jersey limited liability company and was engaged in the business of providing technology and IT related services, network administration, web

hosting, and security and information storage, with its principal place of business in Parsippany, New Jersey.

3. On August 30, 2012, Defendant Transtec assigned its entire estate to Defendant Mitnick in an assignment for the benefit of creditors proceeding pursuant to Chapter 19 of Title 2A of the New Jersey Statutes.

4. Upon information and belief, Defendant Mitnick is a resident of New Jersey and an attorney of the law firm Mitnick & Malzberg, P.C. with its principal place of business in Frenchtown, New Jersey.

5. On September 21, 2012, Mitnick, by motion to the Superior Court of New Jersey, Chancery Division, sold Transtec's estate assets to Defendant DCI for $20,000.  A true and correct copy of the Trasntec, LLC Assignment for the Benefit of Creditors docket is attached as Exhibit 1 and incorporated by reference.  The order approving the motion states that the sale was "clear of Judgments, liens, claims encumbrances and all successor liabilities, except for the claim of Prestige Capital Corporation."  Applicable New Jersey law allows an assignee to conduct the assignor's business and sell estate assets.  However, the assignee cannot sell the assets free and clear of any liabilities under this law.

6. Defendant DCI is a New Jersey corporation with its principal place of business in Parsippany, New Jersey.  Defendant DCI's principal was the former president of Transtec and a related company, Delta Computec, LLC.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because all Defendants reside in this District, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

### Count I
### (Breach of Contract)

9. Plaintiff realleges each and every allegation contained in paragraphs 1 through 8 as though fully stated below.

10. Prior to Defendant Transtec's assignment of its estate, Westcon and Transtec had an ongoing, mutually beneficial business relationship.

11. On or about June 6, 2011, Defendant Transtec executed a Terms and Conditions of Sale Agreement (hereinafter the "**Agreement**") evidencing the terms and conditions for purchase orders for products between Westcon and Transtec. A true and correct copy of the Agreement is attached as Exhibit 2 and incorporated by reference.

12. Pursuant to the Agreement, Transtec would order products from Westcon by sending Plaintiff a complete purchase order. Transtec was then required to pay for the products within thirty (30) days of receiving an invoice from Westcon evidencing the order. In addition to the price of the products, Transtec was required to pay additional amounts, including taxes, insurance, and shipping charges.

13. Westcon and Transtec also entered into a separate lockbox agreements (the "**Lockbox Agreements**") with HSBC Bank for certain purchases. Pursuant to the Lockbox Agreements, Transtec would purchase goods from Westcon to satisfy the needs of Transtec's end users. Transtec would then direct its end users to submit payment directly to a lockbox maintained at HSBC Bank exclusively for Westcon. Westcon would then draw down the costs

of its goods and services provided to Transtec from the lockbox and remit any remaining amounts to Transtec. A true and correct copy of a Lockbox Agreement is attached as <u>Exhibit 3</u> and incorporated by reference.

14. At all times, Westcon maintained control and authority over the lockbox at HSBC Bank.

15. Defendant Transtec has received all items as ordered in its purchase orders submitted to Westcon.

16. To date, Defendant Transtec has failed to make full payment on the invoices submitted by Westcon and, as such, Defendant Transtec is in default under the Agreement for failure to comply with its terms.

17. Because of the assignment of Transtec estate, Defendants Mitnick and DCI are liable to Westcon for Defendant Transtec's failure to make payment on Westcon's invoices.

18. Upon information and belief, Defendants are not entitled to any setoffs or credits with respect to the outstanding balances. Under the Lockbox Agreement, Westcon is a perfected secured creditor in any funds contained in the lockbox.

19. As of November 2, 2012, the total principal balance due from Defendants is $720,993.34. Additionally, there is due and owing under the Agreement late charges.

20. Despite demand, Defendants have failed to pay the sums due and remains in default under the Agreement.

21. Plaintiff has performed all conditions precedent to enforcement of the Agreement.

22. As a direct and proximate result of Defendants' failure and refusal to pay, Plaintiff has been damaged in the principal sum of $720,993.34 and together with late fees from and after November 2, 2012 such as are on account at the time of entry of judgment hereon.

2308109.2

WHEREFORE, Plaintiff prays this honorable Court for a judgment against Defendants in the principal sum of $720,993.34; together with late fees from and after November 2, 2012 such as are on account at the time of entry of judgment hereon; and for such other and further relief as the Court deems just and proper.

Dated:  November 21, 2012
New York, New York

Respectfully submitted,

**POLSINELLI SHUGHART PC**

By:  */s/ Jason Nagi*_____
Jason Nagi
805 Third Avenue
Suite 2020
New York, New York 10022
(212) 644-2092 (Telephone)
(212) 684-0197 (Facsimile)
jnagi@posinelli.com

-and-

Christopher A. Ward
Jarrett Vine
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
United States of America
(302) 252-0920 (Telephone)
(302) 252-0921 (Facsimile)
cward@polsinelli.com
jvine@polsinelli.com

*Counsel for Plaintiff Westcon Group North America, Inc.*

2308109.2