NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESTCON GROUP NORTH AMERICA, INC., | Civil Action No. 12-7239 (SDW) |
| Plaintiff, | **OPINION** |
| v. | |
| TRANSTEC, LLC, STEVEN MITNICK, solely in his capacity as assignee of TransTec, LLC's estate, and DCI ASSOCIATES, INC., | June 25, 2013 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is Defendant Steven Mitnick's ("Mitnick") Motion to Dismiss the Complaint ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is DCI Associates, Inc's ("DCI") Request to Join Mintick's Motion to Dismiss ("Joinder"). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides the Motion to Dismiss and Joinder request without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **DENIES** Mitnick's Motion to Dismiss and **GRANTS** DCI's Joinder request.

**FACTUAL HISTORY**

*Parties*

Westcon Group North America, Inc. ("Plaintiff" or "Westcon") is a specialty distributor of advanced network technology incorporated in New York. (Compl. ¶ 1.) Transtec, LLC

1

("Transtec") is a New Jersey-based company which provides technology and information technology-related services, network administration, web hosting, and security and information storage. (Compl. ¶ 2.) DCI is a New Jersey corporation with its principal place of business in Parsippany, New Jersey. (Compl. ¶ 6.) DCI's principal was the former president of Transtec. (Compl. ¶ 6.) Mitnick is an assignee for Transtec in connection with Transtec's Assignment for the Benefit of Credits Proceeding ("ABC Proceeding") pursuant to N.J.S.A. 2A:19-1. (Compl. ¶ 3.)

*Factual Allegations*

On or about June 6, 2011, Westcon and Transtec entered into an agreement for purchase orders ("Sale Agreement"). (Compl. ¶ 11.) Pursuant to the Sale Agreement, Transtec would order Westcon products, send a completed purchase order to Westcon, and pay Westcon within thirty days of receiving Westcon's invoice. (Compl. ¶ 12.) Westcon and Transtec also entered into lockbox agreements with HSBC Bank for certain products ("Lockbox Agreements"). Pursuant to the Lockbox Agreements, Transtec would purchase Westcon goods and direct users to submit payments to a lockbox at an HSBC Bank. (Compl. ¶ 13.) Westcon would deduct funds from the lockbox for goods and services provided to Transtec and remit any remaining payments to Transtec. (Compl. ¶ 13.)

On August 30, 2012, Transtec's ABC Proceeding commenced under New Jersey Superior Court's jurisdiction pursuant to N.J.S.A. 2A:19-1 and New Jersey Court Rule 4:54. (Compl. ¶ 3.) In connection with the ABC Proceeding, all of Transtec's assets were assigned to Mitnick as Assignee for the benefit of its creditors. (Compl. ¶ 3; Mitnick Br. at 4-5.) On September 21, 2012, Mitnick sold Transtec's estate to DCI. (Compl. ¶ 5.) According to

2

Mitnick, the lockbox was not part of the ABC Proceeding and he did not assume control of the lock box. (Mitnick Cert. ¶ 3.)

Westcon alleges that Transtec breached the Sale Agreement. (Compl. ¶ 16.) Specifically, Westcon alleges that Transtec received all ordered items but failed to make full payment on the invoices. (Compl. ¶¶ 15-16.) Westcon contends that Mitnick and DCI are liable to Westcon for Transtec's failure to pay because Mitnick sold Transtec's estate to DCI. (Compl. ¶ 17.) In particular, the sale of Transtec's estate was "clear of Judgments, liens, claim encumbrances and all successor liabilities, except for the claim of Prestige Capital Corporation." (Compl. ¶ 5; Ex. 1, Order to Sell Assignor's Assets and Approve Management Agreement (Sept. 21, 2012).) Westcon asserts that Mitnick was allowed to sell Transtec's estate assets; however, Mitnick could not "sell the assets free and clear of liabilities under this law." (Compl. ¶ 5.) Westcon alleges damages in the amount of $720,993.34—the balance due from Defendants for Westcon's unpaid invoices—along with late fees. (Compl. ¶ 19.)

**PROCEDURAL HISTORY**

On November 21, 2012, Westcon filed a Complaint against Transtec, Mitnick, and DCI alleging breach of contract and seeking recovery of funds allegedly owed to it by Transtec. On February 8, 2013, Mitnick moved to dismiss the Complaint. On March 29, 2013, DCI filed a request to join Mitnick's Motion to Dismiss.

**LEGAL STANDARD**

*Motion to Dismiss*

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 231 (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). Id. at 1950.

According to the Supreme Court in Twombly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his[/her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (internal citations omitted). The Third Circuit summarized the Twombly pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken

4

as true) to suggest' the required element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In Fowler v. UPMC Shadyside, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual elements from the legal conclusions. Id. The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips, 515 F.3d at 234-35.)

**ANALYSIS**

**I.  Breach of Contract**

In order to prove breach of contract, a plaintiff must demonstrate that: (1) a contract exists between the parties; (2) the defendant breached that contract; (3) the plaintiff suffered damages as a result of the breach; and (4) the plaintiff "performed its own contractual obligations." Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007). For the purposes of the present Motion to Dismiss, the parties do not dispute the substance or viability of Westcon's breach of contract claim.[1] Instead, the focus is whether Westcon can bring forth the contract claim.

Mintick argues that Westcon must proceed in the ABC Proceeding and cannot file a separate common law breach of contract simultaneously. (Mitnick Br. at 4.) Mitnick further argues that Westcon availed itself of the mandatory ABC Proceeding by filing the requisite proof

---

[1] Based on a cursory review of the allegations set forth in the Complaint, Plaintiff has sufficiently met the elements required to establish a breach of contract claim.

of claim.  (Mitnick Cert., Ex. B1.)  In essence, Mitnick argues that Westcon's sole remedy is through the ABC Proceeding.  (See Mitnick Br. at 4.)

To the contrary, Westcon argues that New Jersey's statutes relating to ABC proceedings do not bar lawsuits against an assignor, assignee, or buyer.  (Westcon Opp. Br. at 4.)  Westcon asserts that "an assignee can be held liable for its handling and deposition of the estate." (Westcon Opp. Br. at 1.)  Specifically, Westcon argues that "Mitnick was an active participant in a scheme to peel away valuable assets from their liabilities and insulate such assets from creditors through an ABC, ultimately placing the assets in the hands of an insider of both Transtec and DCI."  (Westcon Opp. Br. at 1.)

This Court agrees with Westcon that the ABC Proceeding does not bar litigation against an assignee.  Under N.J.S.A. 2A:19-20, "all actions at law or in equity which may be brought against any assignee on account of the taking, appropriating, selling or disposing of any property by him as a part of the trust estate, shall be commenced within 9 months from the time when the cause of action shall rise, and not afterwards."  N.J.S.A. 2A:19-20.  Accordingly, New Jersey statutory authority allows suits against ABC assignees.  The only limitation of actions against an assignee is the time frame in which it can be brought—9 months from the time the cause of action arises.  See N.J.S.A. 2A:19-20.  Additionally, the existence of an ABC Proceeding does not operate like an automatic stay in bankruptcy.  (See 11 U.S.C. § 362 (2013).)  Westcon correctly notes that Defendants chose to proceed under the ABC framework and "[t]o garner such protections [such as an automatic stay], [Defendants] could have filed a bankruptcy petition."  (Westcon Opp. Br. at 4.)  Based on this analysis, this Court finds that Westcon's breach of contract claim survives Mitnick's motion to dismiss.

**II.     Fraud**

To adequately plead a fraud claim under New Jersey law, a plaintiff must establish the following elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  Banco Popular N. Am. v. Gandi, 184 N.J. 161, 172-73 (2005) (quoting Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)); see also Jewish Center of Sussex County v. Whale, 86 N.J. 619, 624-25 (1981).

Additionally, fraud claims must meet the requirements of Fed R. Civ. P. 9(b) which imposes a heightened pleading requirement with respect to allegations of fraud, over and above that required by Rule 8(a).  Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Plaintiffs may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004) (quoting Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)). "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Id.

Westcon argues in its opposition brief that "Mitnick was an active participant in a scheme to peel away valuable assets from their liabilities and insulate such assets from creditors through an ABC, ultimately placing the assets in the hands of an insider of both Transtec and DCI." (Westcon Opp. Br. at 1.)  Westcon further argues that "Mitnick was involved in a scheme to

remove the liabilities of Transtec and transfer only its assets to an insider through the filing of the ABC." (Westcon Opp. Br. at 8.)

Mitnick argues that the Complaint includes only one cause of action—breach of contract—and the words "fraud" or "scheme to defraud" do not appear anywhere in the Complaint. (Mitnick Reply Br. at 2.) Mitnick notes that any "scheme to defraud" claim would involve analyzing the underlying sale order. (Mitnick Reply Br. at 4.) In connection with such a claim, Mitnick argues that the Rooker-Feldman doctrine bars this Court's review of the state court order relating to the sale.[2]

This Court agrees with Mitnick that the Complaint does not adequately allege a cause of action for fraud. Westcon includes only one count—a breach of contract claim—in its Complaint. In light of the requirement that fraud allegations be pleaded with particularity, Westcon's factual allegations fall short of asserting a viable fraud claim. At this stage of the proceedings, it is premature to reach the merits of the Rooker-Feldman argument as it is far outside the pleadings.

This Court has discretion to grant a party leave to amend its pleading under Federal Rule of Civil Procedure 15(a)(2). See Fed. R. Civ. P. 15(a)(2) (articulating that "the court should freely give leave [to amend] when justice so requires"). In this case, Plaintiff is granted thirty days leave to amend the Complaint regarding any fraud claims.

### III.   Joinder Request

Westcon filed its Complaint on November 21, 2012. Unable to locate DCI's business address, Westcon mailed the Complaint and Notice of Lawsuit and Request to Waive Service of Summons to three different addresses on January 16, 2013, January 18, 2013, and January 30, 2013. (Docket Entries 5-6; Westcon Reply Br. at 6.) Westcon formally served the Complaint

---

[2] DCI also addresses the Rooker-Feldman argument in its Joinder request. (DCI Br. at 5.)

upon DCI on March 5, 2013.  (Docket Entry 15; Westcon Reply Br. at 6.)   DCI was thus required to file an answer or responsive brief by March 26, 2013.  (See Westcon Reply Br. at 6.)  On March 29, 2013, DCI filed its request to "join" Mitnick for the limited purpose of the pending Motion to Dismiss.  (Docket Entry 18; Westcon Reply Br. at 6.)

As Westcon correctly notes, the Joinder request articulated by DCI is not a pleading that is recognized under the Federal Rules of Civil Procedure.  Nonetheless, allowing the Joinder would not result in harm or prejudice to Westcon.  Thus, this Court will grant the request and allow DCI to proceed with Mitnick's pending Motion to Dismiss in the interest of justice and judicial efficiency.  To be clear, DCI is permitted to join in Mitnick's Motion to Dismiss; however, this Motion provides no relief to DCI as it only discusses the Complaint as it relates to Mitnick.  It should be noted that as Mitnick's Motion has been denied, DCI is not rendered any benefit with its Joinder request.

**CONCLUSION**

For the reasons stated above, Mitnick's Motion is **DENIED** and DCI's Joinder request is **GRANTED**.  Westcon is granted 30 days to amend the Complaint in a manner consistent with this Opinion.

s/Susan D. Wigenton, U.S.D.J.


cc:  Madeline Cox Arleo, U.S.M.J.